1  PHILLIP A. TALBERT
   United States Attorney
2  ARIN C. HEINZ
   Assistant United States Attorney
3  2500 Tulare Street, Suite 4401
   Fresno, CA 93721
4  Telephone: (559) 497-4000
   Facsimile: (559) 497-4099
5

6  Attorneys for Plaintiff
   United States of America
7

8                 IN THE UNITED STATES DISTRICT COURT
9                    EASTERN DISTRICT OF CALIFORNIA
10

11 | UNITED STATES OF AMERICA, | CASE NO. 1:23-CR-00075 JLT-SKO |
12 | Plaintiff, | STIPULATION TO CONTINUE STATUS CONFERENCE AND EXCLUSION OF TIME AND ORDER |
13 | v. | |
14 | EVARISTO CHECCHIN, | |
15 | Defendant. | Date: June 21, 2023<br>Time: 1:00 p.m.<br>Honorable Sheila K. Oberto |
16

17     The United States of America, by and through PHILLIP A. TALBERT, United States Attorney,

18 and ARIN C. HEINZ, Assistant United States Attorneys, and the defendant, by and through Mr. Peter

19 Jones, his attorney of record, hereby stipulate to continue the status conference in this case from June 21,

20 2023 until September 6, 2023 at 1:00 p.m.

21     The Supreme Court has emphasized that the Speedy Trial Act's end-of-justice provision

22 "counteract[s] substantive open endedness with procedural strictness," "demand[ing] on-the-record

23 findings" in a particular case. *Zedner v. United States*, 547 U.S. 489, 509 (2006). "[W]ithout on-the-

24 record findings, there can be no exclusion under" § 3161(h)(7)(A). *Id.* at 507. And moreover, any such

25 failure cannot be harmless. *Id.* at 509; *see also United States v. Ramirez-Cortez,* 213 F.3d 1149, 1153

26 (9th Cir. 2000) (explaining that a judge ordering and ends-of-justice continuance must set forth explicit

27 findings on the record "either orally or in writing").

28     Ends-of-justice continuances are excludable only if "the judge granted such continuance on the

STIPULATION TO CONTINUE STATUS CONFERENCE    1

basis of his findings that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial." 18 U.S.C. § 3161(h)(7)(A).  Moreover, no such period is excludable unless "the court sets forth, in the record of the case, either orally or in writing, its reason or finding that the ends of justice served by the granting of such continuance outweigh the best interests of the public and the defendant in a speedy trial." *Id.*

      This Court should consider the following case-specific facts in finding excludable delay appropriate in this particular case under the ends-of-justice exception, § 3161(h)(7) (Local Code T4).  If continued, this Court should designate a new date for the status conference.  *United States v. Lewis,* 611 F.3d 1172, 1176 (9th Cir. 2010) (noting any pretrial continuance must be "specifically limited in time").

      The parties request that time be excluded between June 21, 2023 and September 6, 2023 for the following reasons:

      1. The discovery in this case is over 11 GB of data and was produced to the defense counsel on May 17, 2023. The discovery consists of recorded conversations between the defendant and a confidential informant, transcripts of the same conversations, investigative reports, and photographs. Due to the large size of the discovery, the defense counsel is still in the process of reviewing the discovery.

      2. Defense counsel has met with Mr. Checchin and is beginning its own investigation into the charges in the Indictment. The defense counsel requests further time to review discovery, consult with his client, investigate the underlying allegations and engage in conversations with the government counsel about possible resolution.

      3. The government does not oppose the requested continuance.

      The parties further believe that time should be excluded, in that failure to grant the requested case schedule would unreasonably deny the defendants continuity of counsel, and unreasonably deny both the defendants and the government the reasonable time necessary for effective preparation, taking into account the parties' due diligence in prosecuting this case.  18 U.S.C. Section 3161(h)(7)(B)(iv). Based on the above-stated findings, the ends of justice served by the schedule as requested outweigh the interest of the public and the defendant in a trial within the original date prescribed by the Speedy Trial Act.  Therefore, the parties request that the Court exclude the time until the new hearing date from

STIPULATION TO CONTINUE STATUS CONFERENCE     2

calculations under the Speedy Trial Act.

Dated: June 12, 2023

PHILLIP A TALBERT
United States Attorney

/s/ *Arin C. Heinz*
ARIN C. HEINZ
Assistant United States Attorney

DATED:  June 12, 2023

/s/*Peter Jones*
PETER JONES
Attorney for Defendant Evaristo Checchin

**ORDER**

IT IS SO ORDERED.

DATED: 6/15/2023

*Sheila K. Oberto*
THE HONORABLE SHEILA K. OBERTO
UNITED STATES MAGISTRATE JUDGE