PHILLIP A. TALBERT
United States Attorney
ARIN C. HEINZ
Assistant United States Attorney
2500 Tulare Street, Suite 4401
Fresno, CA 93721
Telephone: (559) 497-4000
Facsimile: (559) 497-4099

Attorneys for Plaintiff
United States of America

IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | CASE NO. 1:23-CR-00075 JLT-SKO |
|---|---|
| Plaintiff, | STIPULATION TO CONTINUE STATUS CONFERENCE AND EXCLUSION OF TIME AND ORDER |
| v. | |
| EVARISTO CHECCHIN, | Date: September 6, 2023 |
| Defendant. | Time: 1:00 p.m. |
| | Honorable Sheila K. Oberto |

The United States of America, by and through PHILLIP A. TALBERT, United States Attorney, and ARIN C. HEINZ, Assistant United States Attorneys, and the defendant, by and through Mr. Peter Jones, his attorney of record, hereby stipulate to continue the status conference in this case from September 6, 2023, until November 15, 2023 at 1:00 p.m.

The Supreme Court has emphasized that the Speedy Trial Act's end-of-justice provision "counteract[s] substantive open endedness with procedural strictness," "demand[ing] on-the-record findings" in a particular case. *Zedner v. United States*, 547 U.S. 489, 509 (2006). "[W]ithout on-the-record findings, there can be no exclusion under" § 3161(h)(7)(A). *Id.* at 507. And moreover, any such failure cannot be harmless. *Id.* at 509; *see also United States v. Ramirez-Cortez,* 213 F.3d 1149, 1153 (9th Cir. 2000) (explaining that a judge ordering and ends-of-justice continuance must set forth explicit findings on the record "either orally or in writing").

Ends-of-justice continuances are excludable only if "the judge granted such continuance on the

STIPULATION TO CONTINUE STATUS CONFERENCE           1

basis of his findings that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial." 18 U.S.C. § 3161(h)(7)(A).  Moreover, no such period is excludable unless "the court sets forth, in the record of the case, either orally or in writing, its reason or finding that the ends of justice served by the granting of such continuance outweigh the best interests of the public and the defendant in a speedy trial." *Id.*

This Court should consider the following case-specific facts in finding excludable delay appropriate in this particular case under the ends-of-justice exception, § 3161(h)(7) (Local Code T4).  If continued, this Court should designate a new date for the status conference.  *United States v. Lewis,* 611 F.3d 1172, 1176 (9th Cir. 2010) (noting any pretrial continuance must be "specifically limited in time").

The parties request that time be excluded between September 6, 2023 and November 15, 2023 for the following reasons:

1. The discovery in this case is over 11 GB of data and was produced to the defense counsel on May 17, 2023. The discovery consists of recorded conversations between the defendant and a confidential informant, transcripts of the same conversations, investigative reports, and photographs. The defense counsel reviewed the discovery and has spoken with the United States about the case.

2. Defense counsel has met with Mr. Checchin and is continuing its own investigation into the charges in the Indictment. The defense counsel requests further time to review discovery, consult with his client, investigate the underlying allegations and engage in conversations with the government counsel about possible resolution.

3. The government and defense counsel would like to engage in plea negotiations to see if this case can be resolved short of trial. While the parties have engaged in preliminary discussions, further time is needed to discuss the evidence and charges.

4. The government does not oppose the requested continuance.

The parties further believe that time should be excluded, in that failure to grant the requested case schedule would unreasonably deny the defendants continuity of counsel, and unreasonably deny both the defendants and the government the reasonable time necessary for effective preparation, taking into account the parties' due diligence in prosecuting this case.  18 U.S.C. Section 3161(h)(7)(B)(iv). Based on the above-stated findings, the ends of justice served by the schedule as requested outweigh the

interest of the public and the defendant in a trial within the original date prescribed by the Speedy Trial Act. Therefore, the parties request that the Court exclude the time until the new hearing date from calculations under the Speedy Trial Act.

Dated: August 24, 2023                                PHILLIP A TALBERT
                                                      United States Attorney

                                                      /s/ *Arin C. Heinz*
                                                      ARIN C. HEINZ
                                                      Assistant United States Attorney


DATED:  August 24, 2023                               /s/*Peter M. Jones*
                                                      PETER M. JONES
                                                      Attorney for Defendant Evaristo Checchin

## ORDER

IT IS HEREBY ORDERED that the status conference in this case be continued from September 6, 2023, until November 15, 2023 at 1:00 p.m.

IT IS FURTHER ORDERED THAT the ends of justice served by the schedule set forth herein as requested outweigh the interest of the public and the defendants in a trial within the original date prescribed by the Speedy Trial Act for the reasons stated in the parties' stipulation. For the purpose of computing time under the Speedy Trial Act, 18 U.S.C. § 3161, et seq., within which trial must commence, the time period of September 6, 2023 until November 15, 2023, inclusive, is deemed excludable pursuant to 18 U.S.C.§ 3161(h)(7)(A), B(iv) because it results from a continuance granted by the Court at the parties' request on the basis of the Court's finding that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial.

Dated: 8/25/2023                                      *Sheila K. Oberto*
                                                      Honorable Sheila K. Oberto
                                                      UNITED STATES MAGISTRATE JUDGE