PHILLIP A. TALBERT
United States Attorney
ARIN C. HEINZ
Assistant United States Attorney
2500 Tulare Street, Suite 4401
Fresno, CA 93721
Telephone: (559) 497-4000
Facsimile: (559) 497-4099

Attorneys for Plaintiff
United States of America

IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | CASE NO. 1:23-CR-00075 JLT-SKO |
|---|---|
| Plaintiff, | **STIPULATION AND ORDER TO VACATE THE STATUS CONFERENCE AND SET A CHANGE OF PLEA** |
| v. | |
| EVARISTO CHECCHIN, | Date: November 15, 2023 |
| Defendant. | Time: 1:00 p.m.<br>Honorable Sheila K. Oberto |

The United States of America, by and through PHILLIP A. TALBERT, United States Attorney, and ARIN C. HEINZ, Assistant United States Attorneys, and the defendant, by and through Mr. Peter Jones, his attorney of record, hereby stipulate to vacate the status conference in this case scheduled for November 15, 2023, and schedule a change of plea on November 20, 2023.

The Supreme Court has emphasized that the Speedy Trial Act's end-of-justice provision "counteract[s] substantive open endedness with procedural strictness," "demand[ing] on-the-record findings" in a particular case. *Zedner v. United States*, 547 U.S. 489, 509 (2006). "[W]ithout on-the-record findings, there can be no exclusion under" § 3161(h)(7)(A). *Id.* at 507. And moreover, any such failure cannot be harmless. *Id.* at 509; *see also United States v. Ramirez-Cortez,* 213 F.3d 1149, 1153 (9th Cir. 2000) (explaining that a judge ordering and ends-of-justice continuance must set forth explicit findings on the record "either orally or in writing").

Ends-of-justice continuances are excludable only if "the judge granted such continuance on the

basis of his findings that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial." 18 U.S.C. § 3161(h)(7)(A).  Moreover, no such period is excludable unless "the court sets forth, in the record of the case, either orally or in writing, its reason or finding that the ends of justice served by the granting of such continuance outweigh the best interests of the public and the defendant in a speedy trial." *Id.*

This Court should consider the following case-specific facts in finding excludable delay appropriate in this particular case under the ends-of-justice exception, § 3161(h)(7) (Local Code T4).  If continued, this Court should designate a new date for the status conference.  *United States v. Lewis,* 611 F.3d 1172, 1176 (9th Cir. 2010) (noting any pretrial continuance must be "specifically limited in time").

The parties hereby stipulate:

1. The discovery in this case is over 11 GB of data and was produced to the defense counsel on May 17, 2023. The discovery consists of recorded conversations between the defendant and a confidential informant, transcripts of the same conversations, investigative reports, and photographs. The defense counsel reviewed the discovery and has spoken with the United States about the case.

2. The parties have reached a plea agreement in this case. The parties request the earliest available date for a change of plea to occur, which is November 20, 2023.

3. The parties previously requested that time be excluded between September 6, 2023, and November 15, 2023. ECF 18, 19. This request has not changed. For the same reasons previously outlined, the parties request that time be excluded until November 20, 2023, when the change of plea is scheduled to occur.

3. The parties believe that time should be excluded until November 20, 2023 and that failure to grant the requested exclusion would unreasonably deny the defendants continuity of counsel, and unreasonably deny both the defendants and the government the reasonable time necessary for effective preparation, taking into account the parties' due diligence in prosecuting this case.  18 U.S.C. Section 3161(h)(7)(B)(iv).  Based on the above-stated findings, the ends of justice served by the schedule as requested outweigh the interest of the public and the defendant in a trial within the original date prescribed by the Speedy Trial Act.  Therefore, the parties request that the Court exclude the time until the new hearing date from calculations under the Speedy Trial Act.

Dated: November 9, 2023

PHILLIP A TALBERT
United States Attorney

/s/ *Arin C. Heinz*
ARIN C. HEINZ
Assistant United States Attorney

DATED: November 9, 2023

/s/*Peter M. Jones*
PETER M. JONES
Attorney for Defendant Evaristo Checchin

### ORDER

IT IS HEREBY ORDERED that the status conference in this case scheduled for November 15, 2023, be vacated and a change of plea be scheduled for November 20, 2023.

IT IS FURTHER ORDERED THAT the ends of justice served by the schedule set forth herein as requested outweigh the interest of the public and the defendants in a trial within the original date prescribed by the Speedy Trial Act for the reasons stated in the parties' stipulation. For the purpose of computing time under the Speedy Trial Act, 18 U.S.C. § 3161, et seq., within which trial must commence, the time period of September 6, 2023 until November 20, 2023, inclusive, is deemed excludable pursuant to 18 U.S.C.§ 3161(h)(7)(A), B(iv) because it results from a continuance granted by the Court at the parties' request on the basis of the Court's finding that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial.

Dated: 11/9/2023

*Sheila K. Oberto*
Honorable Sheila K. Oberto
UNITED STATES MAGISTRATE JUDGE